UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DWAYNE BOLDEN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY RUDY PERAZA, *et al.*,<br><br>Defendants. | Case No.: 3:19-cv-01022-AJB-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; and**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>**[ECF Nos. 12, 14]** |

Before the Court are two motions filed by Plaintiff Anthony Dwayne Bolden, Jr. ("Plaintiff"), seeking the appointment of counsel and to add defendants through an amended pleading. ECF Nos. 12, 14. Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the George F. Bailey Detention Facility in San Diego, California. ECF Nos. 1, 3. For the reasons set forth below, the Court **DENIES** the request to appoint counsel and **GRANTS** leave to amend the Complaint.

**I. PROCEDURAL HISTORY**

Plaintiff filed his initial complaint on May 31, 2019, alleging civil rights violations against four defendants under 42 U.S.C. § 1983. ECF No. 1. On June 6, 2019, the Court

granted Plaintiff's request to proceed *in forma pauperis*. ECF No. 3. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), the Court *sua sponte* dismissed Plaintiff's claims against Defendant "San Diego Sheriff Department" because the Sheriff's Department is not a suable entity under § 1983 as well as his non-cognizable property damage claim against Defendant "Sergeant Brewer." *Id.* The Court permitted Plaintiff's excessive force claims against individual Defendants Deputy Rudy Peraza and Deputy David Fazivae to go forward. *Id.*

On August 29, 2019, Plaintiff's summons for Defendant Peraza was properly served, while the summons for Defendant Fazivae was returned unexecuted. ECF Nos. 6–7. Defendant Peraza filed an Answer on September 10, 2019. ECF No. 10. On October 1, 2019, Plaintiff filed the instant motions to appoint counsel and to amend his pleading to add defendants. ECF Nos. 12, 14.

## II. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

District courts may appoint counsel to "any person unable to afford counsel." *See* 28 U.S.C. § 1915(c)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). However, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Before a court can exercise its discretion, a civil plaintiff must make a reasonably diligent effort to obtain counsel. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Additionally, courts must determine whether "exceptional circumstances" warrant the appointment of counsel by evaluating "the likelihood of [a plaintiff's] success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). However, neither factor is dispositive and "both must be viewed together before reaching a decision." *Id*.

Here, Plaintiff fails to demonstrate he has made any reasonably diligent effort to obtain counsel. Further, Plaintiff offers no evidence to substantiate his motion by showing that "exceptional circumstances" warrant appointment of counsel. ECF No. 12.

Specifically, the only claims remaining in the case are his excessive force claims against two individual Defendants for a single incident that appears to have taken place in a matter of minutes in the San Diego County Jail. *See* ECF No. 1. Plaintiff fails to explain why these relatively straightforward claims raise any complex legal issues. Moreover, although Plaintiff's motion cites several benefits of legal counsel, Plaintiff offers no substantive explanation as to why he cannot adequately pursue his claim. Having reviewed Plaintiff's Complaint and his other filings in this case, the Court finds Plaintiff has consistently demonstrated an impressive ability to write clear factual narratives and to cogently articulate his legal claims. ECF Nos. 1, 12, 14, 15. For example, his Motion to Appoint Counsel presents such well-stated arguments as: "A trial in this case will likely involve conflicting testimony. A lawyer would assist Plaintiff in the presentation of evidence and the cross-examination of opposing witnesses[,]" and "Plaintiff's incarceration will greatly limit his ability to litigate this case. This case will likely involve substantial investigation and discovery." ECF No. 12 ¶¶ 3-4. All of his writing is of this high caliber.[1]

Considering the lack of complexity of the legal issues in this case and Plaintiff's ability to articulate his claims, the Court finds Plaintiff has failed to show "exceptional circumstances" warranting appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 12) **without prejudice to refiling**.[2]

---

[1] The Court notes that many of Plaintiff's filings have resulted in Notices of Document Discrepancies prior to filing. *See* ECF Nos. 11, 13, 17. However, upon review, the Court finds Plaintiff's filing discrepancies could be avoided in the future if Plaintiff reviews the Federal Rules and Local Rules of this Court.

[2] As already discussed, Plaintiff notes in his motion that counsel would be essential to assist him at trial. That issue is raised prematurely. This case is still in its very early stages and trial is not on the horizon. Because Plaintiff's motion is denied without prejudice to refiling, Plaintiff is free to seek appointment of counsel again in the future and may raise such arguments at that time, if applicable.

### III. PLAINTIFF'S MOTION TO ADD DEFENDANTS

Plaintiff moves to amend his Complaint to attempt to add a proper municipal defendant and to modify the spelling of Defendant Fazivae's name, since the San Diego Sheriff's Department was dismissed as a non-suable entity and the summons on Defendant Fazivae was returned unexecuted. *See* ECF No. 14. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits amendment of a party's complaint once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendant Peraza's Answer was filed on September 10, 2019. ECF No. 10. Therefore, when Plaintiff filed his Motion on October 1, 2019, he was within the 21-day window to file an amended complaint as a matter of right. Accordingly, the Court **GRANTS** Plaintiff's Motion (ECF No. 14). However, despite clearly explaining his proposed amendments, Plaintiff did not separately attach a proposed amended complaint to his motion. Plaintiff must submit a proper amended complaint to the Court upon receipt of this Order.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel (ECF No. 12) is **DENIED WITHOUT PREJUDICE** and Plaintiff's Motion to Add Defendants (ECF No. 14) is **GRANTED**. Plaintiff is **ORDERED** to properly submit a separate amended complaint incorporating his proposed amendments by **November 8, 2019**.

**IT IS SO ORDERED.**

Dated: October 15, 2019

_____
Honorable Allison H. Goddard
United States Magistrate Judge

4

3:19-cv-01022-AJB-AHG