UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DWAYNE BOLDEN, JR.,<br>　　　　　　　　　　　　Plaintiff,<br>v.<br>DEPUTY RUDY PERAZA, et al.,<br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01022-AJB-AHG<br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY (Doc. No. 8)** |

Currently pending before the Court is Defendant Deputy Rudy Peraza's ("Deputy Peraza") motion to stay proceedings pending resolution of Plaintiff Anthony Dwayne Bolden, Jr.'s ("Plaintiff") criminal prosecution. (Doc. No. 8.) Plaintiff opposed the motion. (Doc. No. 15.) For the reasons set forth below, the Court **GRANTS** Deputy Peraza's motion.

**I.　BACKGROUND**

In brief, this action is a 42 U.S.C. § 1983 matter arising out of Plaintiff's allegations that on December 26, 2018, Defendants used excessive force when returning Plaintiff to his jail cell. (First Amended Complaint ("FAC"), Doc. No. 19 at 1.) Currently, there is a pending criminal prosecution in San Diego Superior Court, involving the same December 26, 2018 incident. *See People of the State of California v. Anthony Dwayne Bolden*, San Diego Superior Court, Case No. SCD280313. In the criminal action, Plaintiff is charged with violating California Penal Code § 69 for allegedly resisting Deputy Peraza during the

incident. *Id.* This Court *sua sponte* takes judicial notice of the fact that the criminal action has not concluded as of the date of this Order. *Id.*; *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) ("The Court may take judicial notice sua sponte, and must take notice if a party requests it and if the Court is supplied with the necessary information.").

## II.     LEGAL STANDARD

A party has no constitutional right to a stay of civil proceedings during the pendency of a criminal investigation. *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution."); *see also Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (noting "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"). After considering "the particular circumstances and competing interests involved in the case," a court has discretion either to stay the entire proceeding or fashion some other, less drastic remedy. *Id.*; *see also eBay, Inc. v. Digital Point Solutions, Inc.*, No. 08–4052, 2010 WL 702463, at *5 (N.D. Cal. Feb. 25, 2010) (considering a plaintiff's proposed alternatives to a stay, and ultimately denying the stay).

In determining whether to stay the proceedings, the court should consider: (1) the interest of a plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to a plaintiff; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *See Molinaro*, 889 F.2d at 903.

## III.    REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, Deputy Peraza requests judicial notice of (1) the existence of and records in the San Diego Superior Court case, *People of the State of California v.*

*Anthony Dwayne Bolden*, San Diego Superior Court, Case No. SCD280313; (2) the felony complaint in Plaintiff's criminal prosecution, and (3) the San Diego Superior Court's minute order continuing Plaintiff's trial date. (Doc. No. 8-2.)

Facts proper for judicial notice are those not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201. Here, the criminal docket in the court records and the documents contained therein are proper subjects for judicial notice. *See United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (taking judicial notice of court records in underlying criminal case). Thus, the Court **GRANTS** Deputy Peraza's request for judicial notice. *See Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that it is appropriate to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation).

## IV.  DISCUSSION

### A.  A Stay Will Promote Judicial Economy

Deputy Peraza first argues the stay will promote judicial economy because the outcome of the criminal action may completely resolve this action. (Doc. No. 8-1 at 4.) In opposition, Plaintiff argues it is possible his conviction in the criminal matter may not bar his section 1983 claims because "hypothetically," Plaintiff can be convicted of resisting a peace officer by simply not returning to his cell, with no physical contact involved. (Doc. No. 15 at 2.) The Court agrees with Deputy Peraza, and concludes a stay will conserve judicial resources as resolution of the criminal matter will help guide and frame this instant action.

In this case, Bolden's section 1983 claim is premised on Deputy Peraza's alleged unlawful use of force on December 26, 2018. (FAC at 1.) Plaintiff's criminal prosecution involves the same incident giving rise to this action, and charges Plaintiff under California Penal Code § 69 for resisting a peace officer. (Doc. No. 8-1 at 5.) To prove that a defendant is guilty under California Penal Code § 69, the prosecution must prove that "(1) the

defendant unlawfully used force or violence to resist an executive officer; (2) when the defendant acted, the officer was performing his/her lawful duty; and (3) when the defendant acted, he/she knew the executive officer was performing his/her duty." CACI Cal. Crim. No. 2652 (cleaned up). "A peace officer is not lawfully performing his or her duties if he or she is . . . using unreasonable or excessive force in his or her duties." *Id.*

Similarly in this case, whether Deputy Peraza was using unreasonable or excessive force is essential to Plaintiff's section 1983 claims. Specifically, to succeed on a claim of excessive use of force, a plaintiff must prove each of the following factors by a preponderance of the evidence: "(1) Defendants used force on plaintiff; (2) Defendants' use of force was unreasonable in light of the facts and circumstances at the time; (3) Defendants knew that using force presented a risk of harm to plaintiff, but they recklessly disregarded plaintiff's safety by failing to take reasonable measures to minimize the risk of harm to plaintiff; and (4) Defendants' conduct caused some harm to plaintiff." *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Because the claim at issue here is directly related to the criminal proceedings, it would promote judicial economy to stay the matter pending resolution of Plaintiff's criminal proceeding. *Wallace*, 549 U.S. at 393–94 (holding that in civil actions that allege a claim or claims "related to rulings that will likely be made in a pending or anticipated criminal trial," "it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *see, e.g.*, *Valdez v. Leeds*, No. 117CV00430LJOSAB, 2019 WL 4138945, at *8 (E.D. Cal. Aug. 30, 2019) (staying section 1983 action with parallel criminal proceeding); *Combs v. Ribac*, No. 317CV02381WQHBGS, 2018 WL 1185266, at *4 (S.D. Cal. Mar. 7, 2018) (same).

**B.     A Stay Will Not Result in Undue Delay or Prejudice**

Plaintiff also does not explain why a stay would present hardship or prejudice. There is minimal evidence of undue delay as Plaintiff's criminal proceedings are soon concluding. Furthermore, Plaintiff will not be unduly prejudiced by a stay because Plaintiff primarily seeks monetary relief, and it is not apparent from the Complaint that Plaintiff is currently being subject to the continued use of excessive force. *See Lockyer v. Mirant*

*Corp.*, 398 F.3d 1098, 1110–12 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (holding that a stay was appropriate when the party opposing the stay sought only monetary damages and did not allege continuing harm or seek injunctive or declaratory relief).

## V.    CONCLUSION

For the reasons set forth below, the Court **GRANTS** Deputy Peraza's motion to stay the proceedings pending resolution of Plaintiff's criminal prosecution. (Doc. No. 8.) The parties are **DIRECTED** to file a status report within thirty days of the date of this order, reporting on the progress of the criminal prosecution and every thirty days thereafter until the criminal case is concluded.

**IT IS SO ORDERED.**

Dated:  May 27, 2020

_____
Hon. Anthony J. Battaglia
United States District Judge